**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| IN RE<br><br>**KENNETH WAYNE FIELDER, JR. and AMANDA JEAN FIELDER,**<br><br>　Debtors. | **Case No. 22-20119-NGH** |

**MEMORANDUM OF DECISION**

Before the Court are competing motions to modify a chapter 13[1] plan filed by Kenneth and Amanda Fielder (the "Debtors") and Kathleen McCallister ("McCallister"), the chapter 13 trustee.[2] At issue is whether Debtors' confirmed chapter 13 plan authorized payment of all allowed prepetition priority tax claims and whether Debtors' plan payment should now be increased. The Court concludes that the confirmed plan does permit payment of prepetition priority tax claims. The record, however, is insufficient for the Court to rule on whether modification of the confirmed plan to increase Debtors' monthly payment is appropriate.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] As there have been two different chapter 13 trustees assigned to this case and both are referenced in this decision, the Court refers to them by last name; no disrespect is intended.

MEMORANDUM OF DECISION - 1

BACKGROUND

Debtors filed this chapter 13 bankruptcy on May 12, 2022. Doc. No. 1. Debtors filed their chapter 13 plan that same day. Doc. No. 2 (the "Plan"). Section 2.1 of the Plan required Debtors to pay $600 per month for 60 months. Section 4.1 of the Plan provided that "all allowed priority claims . . . will be paid in full without post-petition interest." In § 4.4 of the Plan, Debtors indicated there were no priority tax claims. At the time Debtors filed the Plan, that was true. However, on May 16, 2022, the Idaho State Tax Commission ("Tax Commission") filed a proof of claim for unpaid taxes, asserting a priority claim in the amount of $5,318.69. Claim No. 1-1. That claim was later amended to assert a priority claim in the amount of $6,444.42. Claim No. 1-3. Similarly, on June 6, 2022, the Internal Revenue Service filed a proof of claim for unpaid taxes, asserting a priority claim in the amount of $8,490.92. Claim No. 4-1. That claim was later amended to assert a priority claim in the amount of $499.58. Claim No. 4-2.

On August 8, 2022, the Tax Commission objected to confirmation of Debtors' Plan arguing that Debtors had failed to file their 2018 and 2019 tax returns as required by § 1308(a) and that the Plan failed to pay the Tax Commission's priority claim as required by § 1322(a)(2). *See* Doc. No. 27. In response, Debtors filed the missing tax returns, which prompted the Tax Commission to amend its proof of claim. At that time, C. Barry Zimmerman ("Zimmerman") was the chapter 13 trustee. Zimmerman initially opposed confirmation of the Plan due to the unfiled tax returns. On December 1, 2022, after Debtors filed the missing returns, Zimmerman filed an Amended Trustee's Recommendation Regarding Confirmation of Plan in which he recommended

MEMORANDUM OF DECISION - 2

confirmation of the Plan, pending withdrawal of the Tax Commission's objection. Doc. No. 31. In the recommendation, Zimmerman estimated the Plan would pay priority creditors $7,381.38, which was the combined allowed amount of the Tax Commission and IRS priority claims, as of that date. Without opposition, the Court confirmed the Plan on December 14, 2022. Doc. No. 34.

In the summer of 2023, Debtors filed an Amended Motion to Modify Debtor's Chapter 13 Plan, which proposed to reduce Debtors' monthly payments to $360 per month due to increased expenses. Doc. No. 45. The Court granted the modification on September 20, 2023. Doc. No. 51.

On October 1, 2024, McCallister was appointed as the successor trustee in this case due to Zimmerman's retirement. Doc. No. 64. On June 2, 2025, McCallister filed a Motion to Modify the Confirmed Plan seeking to increase plan payments to $2,232 per month, with a step up to $2,299 per month after Debtors pay off a loan from a retirement account. Doc. No. 68. Debtors opposed the motion to increase plan payments, acknowledging that Debtors' income had increased but asserting that so too had their expenses. Doc. No. 69.

On September 18, 2025, McCallister filed an Amended Motion to Modify the Confirmed Plan. Doc. No. 74 ("McCallister's Motion"). In addition to seeking the referenced increases in Debtors' monthly plan payments, McCallister's Motion takes the position that the confirmed Plan does not provide for the payment of any priority claims. McCallister contends Zimmerman had improperly made payments to the Tax Commission and IRS on account of their prepetition priority claims. Thus, Trustee's

MEMORANDUM OF DECISION - 3

Motion requests authority to pay the priority claims from the increased plan payments only. She contends that if the modified plan payments are not increased more than the priority claim amounts and authority is not provided for her to pay the priority claims, she will need to seek to recover payments made to the Tax Commission and the IRS. On October 7, 2025, the Tax Commission filed a response to McCallister's Motion. Doc. No. 77. While the Tax Commission does not oppose modification of the Plan, the Tax Commission objected to McCallister's assertions that the confirmed Plan did not permit Zimmerman to pay the prepetition priority tax claims and does not permit McCallister to continue such payments.

At an October 14, 2025, hearing, the parties represented to the Court that they were attempting to resolve the issues raised in McCallister's Motion. Those efforts were unsuccessful. On October 17, 2025, Debtors filed Debtors' Voluntary Motion to Modify which sought to modify the Plan by explicitly providing McCallister with the authority to pay prepetition priority tax claims. Doc. No. 79 ("Debtors' Motion"). Debtors' Motion did not increase Debtors' monthly payments due under the Plan. McCallister opposes Debtors' Motion and argues that Debtors' Motion should explicitly advise unsecured creditors they will be negatively impacted by the modification because it will cause funds to be paid to priority creditors that would otherwise be available for unsecured creditors. *See* Doc. No. 83. Said differently, since McCallister takes the position that the confirmed Plan did not provide for payment of the Tax Commission and IRS claims, modifying the Plan to pay those claims now, without an equivalent increase in plan funding, will come at the expense of unsecured creditors.

MEMORANDUM OF DECISION - 4

At a November 10, 2025, hearing, Debtors sought to continue hearing on both McCallister's Motion and Debtors' Motion to see if the parties could reach a stipulated resolution. McCallister, on the other hand, asked the Court to rule on the motions. Accordingly, the Court took the matters under advisement. This ruling addresses the Plan's treatment of the prepetition priority tax claims but leaves at issue any modification to increase Debtors' required monthly payments until after an evidentiary hearing.

ANALYSIS

    A.    **Modification to Increase Plan Payments**

Section 1329(a)(1) allows a confirmed plan to be modified to increase plan payments. *In re Fundin*, No. 24-20189-NGH, 2025 WL 3259544, at *2 (Bankr. D. Idaho Nov. 21, 2025). McCallister's Motion would significantly increase Debtors' monthly payments.

Whether a modification should be approved is subject to the court's discretion and good judgment. *In re Hall*, 442 B.R. 754, 761 (Bankr. D. Idaho 2010) (citing *Powers v. Savage (In re Powers)*, 202 B.R. 618, 622 (9th Cir. BAP 1996)). Modification analysis under § 1329 is equitable in nature and courts look to the totality of the circumstances. *See id.* at 761 (citing *Max Recovery, Inc. v. Than (In re Than)*, 215 B.R. 430, 438 (9th Cir. BAP 1997)). A modification may be justified where a debtor's income increases. *Berkley v. Burchard (In re Berkley)*, 613 B.R. 547, 552 (9th Cir. BAP 2020) ("It is well accepted that § 1329 permits the trustee and creditors to modify the plan to capture postconfirmation increases in the debtor's income."). In exercising their discretion, courts may also "evaluate the reasonableness of debtors' expenses and their ability to pay

MEMORANDUM OF DECISION - 5

creditors more." *In re Pratt*, No. 19-40401-JMM, 2023 WL 363511, at *2 (Bankr. D. Idaho Jan. 23, 2023) (quoting *In re Sayre*, No. 8:11-BK-17184-RCT, 2017 WL 11569064, at *4 (Bankr. M.D. Fla. July 17, 2017)). Courts are required to "balance a debtor's expenses against what is fair to unsecured creditors." *Id*.

The record has not been adequately developed to permit the Court to determine if Debtors' monthly payments should be increased. The Court has only conducted preliminary hearings regarding McCallister's Motion where the parties have provided limited argument to the Court. "An objection to a proposed modification creates, pursuant to Rule 3015's language, a contested matter governed by Rule 9014." *In re Alcaraz*, No. 15-00091-TLM, 2017 WL 978982, at *2 (Bankr. D. Idaho Mar. 13, 2017). Rule 9014 requires a bankruptcy court to resolve a contested matter containing disputed factual issues through witness testimony in the same manner as an adversary proceeding. *See Reliance Steel & Aluminum Co. v. Locklin (In re Locklin)*, No. CC-14-1446, 2015 WL 8267995, at *5 (9th Cir. BAP Dec. 7, 2015) (citing *Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012)). Accordingly, the Court declines to rule on McCallister's Motion regarding the proposed increase to Debtors' monthly plan payments without an evidentiary hearing. McCallister shall contact the Court's courtroom deputy and obtain a hearing date for such a hearing and provide notice of the same.

### B.     Authorization to Pay Priority Tax Claims

All the parties would like this case to proceed in a fashion that permits McCallister to pay allowed prepetition priority tax claims. Debtors and the Tax Commission argue

MEMORANDUM OF DECISION - 6

the confirmed Plan provided authority for Zimmerman to make such payments and provides authority for McCallister to continue those payments. McCallister disagrees. McCallister argues that § 4.1 of the Plan "advises <u>how</u> priority claims will be paid (i.e., without interest) and not that they will be paid, especially when [§ 4.4 of] the plan specifically marks 'None.'" *See* Doc. No. 83 at 2. Under McCallister's reasoning, without identifying specific priority claims in § 4.4, there is no authority to pay those claims.

  While McCallister is correct that Debtors checked the box labeled "None" in § 4.4 of the Plan when asked to identify priority claims, the Court does not conclude such actions preclude the chapter 13 trustee from making payments on the allowed priority claims filed in the case. Section 4.1 of the Plan generally provides that, "all allowed priority claims . . . *will be paid in full* without post-petition interest." *Id*. § 4.1 (emphasis added). The plain language of § 4.1 does more than exclude interest payments; it requires and authorizes priority claims to be paid in full, and it makes it clear that such full payment will not include post-petition interest.[3]

  Providing flexibility in a chapter 13 plan to account for priority claims is important because chapter 13 plans are often filed before creditors file claims. Pursuant to Rule 3015(b), a chapter 13 debtor is required to file a proposed plan within 14 days after the petition is filed. Yet under Rule 3002(c)(1), governmental units have 180 days

---

[3] This Court's model plan mirrors many of the provisions of the national chapter 13 plan, Official Form 113, including § 4.1. The committee notes associated with the national plan state that "[s]ection 4.1 provides that . . . all allowed priority claims . . . will be paid in full." The committee notes do not focus on the exclusion of post-petition interest, only the full payment of allowed priority claims.

MEMORANDUM OF DECISION - 7

from the petition date to timely file a proof of claim. In addition, the Code requires a confirmation hearing to be held well before the expiration of the time for government units to file claims. *See* § 1324(b) (requiring confirmation hearings to be set "not earlier than 20 days and not later than 45 days after the date of the meeting of creditors"). Thus, under § 1322(a)(2), a chapter 13 plan must provide for the full payment of all claims entitled to priority under § 507, including tax claims of government units entitled to priority under § 507(a)(8); however, those tax claims may be filed well after a debtor files a chapter 13 plan. As a result, it is quite common to hold a confirmation hearing before governmental creditors have filed their claims and before their opportunity to do so has passed.[4]

The solution to this problem is either to continue the confirmation hearing until after the government claims bar date has expired and require the debtor to file an amended plan that specifically addresses all allowed priority claims or to provide language in the plan that generally addresses priority claims in accordance with the requirements of § 1322(a)(2). Here, this Court's model plan does the latter. Thus, the confirmed Plan requires payment of the priority claims, in full, during the term of the Plan, and the chapter 13 trustee was and is authorized to make distributions to those creditors consistent with the Plan and the allowed claims.[5]

---

[4] It is worth noting that this analysis discusses payment of prepetition tax claims of governmental units required under § 1322(a)(2), not the allowance of certain postpetition tax claims of government units under § 1305. *See In re Fullmer*, No. 21-20215-BPH, 2025 WL 3144687 (Bankr. D. Idaho Nov. 10, 2025).

[5] The committee notes associated with the national form plan state that § 4.4 calls for estimated priority claims but that if a contrary amount is listed on a creditor's allowed proof of claim, the creditor's
(Continued)

MEMORANDUM OF DECISION - 8

The prepetition claims of the IRS and the Tax Commission at issue enjoy priority treatment under § 507(a)(8).  Those claims were timely filed, and no party in interest objected.  Thus, they are presumed allowed pursuant to § 502(a), and according to the terms of Debtors' confirmed Plan in § 4.1 and, consistent with § 1322(a)(2) of the Code, they are entitled to full payment.  Zimmerman, the chapter 13 trustee at the time of confirmation, acknowledged when he recommended confirmation, that the Plan contemplated paying priority creditors $7,381.38, which was the combined allowed amount of the Tax Commission and IRS priority claims.  *See* Doc. No. 31.  The Court agrees with Zimmerman; the Plan allows for payment to priority creditors.

**CONCLUSION**

Accordingly, the Court will deny Debtors' Motion in full and deny McCallister's Motion in part to the extent the motions seek to modify the Plan to accomplish what the Plan already provides, and the Court will require McCallister to schedule a final evidentiary hearing on the remaining issue of whether Debtors' monthly plan payment should be increased—an issue that still appears to be contested by the parties.  A separate order will be entered.

DATED: December 19, 2025



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

---

proof of claim will control over the estimate in the plan.  Thus, if a debtor lists an amount that is different from a creditor's proof of claim amount, presumably even an assertion of none, it follows that the allowed priority claim controls the amount due and § 4.1 authorizes the full payment of that amount.

MEMORANDUM OF DECISION - 9